**Aurice BARLOW, Plaintiff–Appellant,**

v.

**DEPARTMENT OF PUBLIC HEALTH, STATE OF CONNECTICUT, and Elizabeth Weinstein, Defendants–Appellees.**

**Docket No. 04–2915–CV.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2005.

**32**

Cynthia R. Jennings, The Barrister Law Group, LLC (Eroll V. Skyers), Bridgeport, CT, for Appellant, of counsel.

Gary S. Starr, Shipman & Goodwin, LLP, Hartford, CT, for Appellee.

Present: SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff–Appellant Barlow brought this claim against her former employer, the Connecticut Department of Public Health (DPH) and Elizabeth Weinstein, a DPH employee. She alleged causes of action under Title VII of the Civil Rights Act of 1964, section 1983, and Connecticut law. The district court granted summary judgment to defendants. On appeal, Barlow asserts that the district court erred in granting summary judgment to defendants on her Title VII and Connecticut law claims.

■ "We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir.2005). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.*

■ For substantially the reasons stated by the district court in its thorough opinion, we conclude that the district court properly granted summary judgment to defendants on all of Barlow's claims. The record is replete with evidence that Barlow was a problem employee. Most of her evaluations noted that she had trouble interacting with others and that she was often uncivil and disruptive. Her supervisors received multiple complaints about her, and directly observed her to be uncivil and uncooperative. There is no substantial evidence in the record of a discriminatory or retaliatory intent on the part of defendants. Barlow therefore did not raise a genuine issue of material fact regarding her Title VII claims, *see Fisher v. Vassar Coll.*, 114 F.3d 1332, 1346–47 (2d Cir.1997) (en banc), or her wrongful discharge claim under Conn. Gen.Stat. § 31–51q, *see D'Angelo v. McGoldrick*, 239 Conn. 356, 364, 685 A.2d 319 (1996).

We have considered the arguments Barlow makes on appeal, and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.